UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FABIAN MCCULLON,                          CASE NO.:

      Plaintiff,

v.

VISION PRECISION HOLDINGS, LLC d/b/a
STANTON OPTICAL,
a Florida Limited Liability Company,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FABIAN MCCULLON ("Mr. McCullon" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from VISION PRECISION HOLDINGS, LLC doing business as STANTON OPTICAL ("VP" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Palm Beach County, Florida.

3. Defendant is a Florida Limited Liability Company that is located and does business in Palm Beach County, Florida, and is therefore within the jurisdiction of this Court.

4.       Plaintiff worked for Defendant in Palm Beach County, Florida, and therefore the proper venue for this case is the West Palm Beach Division of the Southern District of Florida.

5.       At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6.       At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) he suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7.       Mr. McCullon worked for VP as a Brand Manager/General Manager from April 15, 2019, until his termination on June 22, 2020.

8.       In late February of 2020, despite Mr. McCullon's stellar performance in 2019, VP's new Vice President of Sales, Chad, and VP Regional Manager, Lisa Cowen, visited Mr. McCullon's store in Jupiter, Florida, and harassed him about sales figures.

9.       Mr. McCullon wisely reported Chad's bizarre, manic, and improper behavior and exhortations to Tania Gonzalez in VP's Human Resources Department on February 28, 2020.

10.      On May 15, 2020, Ms. Cowen visited Mr. McCullon's store and presented Mr. McCullon with a spurious, so-called "write up," alleging that it had been issued by somebody named Maxwell in VP's Human Resources Department, whom Mr. McCullon had never met, and

who never had visited Mr. McCullon's store and therefore lacked any basis to be evaluating Mr. McCullon at all.

11. Mr. McCullon began experiencing symptoms of a disabling, serious health condition, anxiety accompanied by tension headaches, the next day.

12. On May 22, 2020, Mr. McCullon applied, and was approved for, a period of continuous unpaid FMLA leave in order to treat and address his serious health condition, to endure from May 23, 2020, until June 22, 2020.

13. Also on May 22, 2020, Mr. McCullon provided VP a letter from his treating physician, Elio Novoa, M.D., informing VP of his disability and his serious health condition, and recommending the above-noted unpaid FMLA leave of absence.

14. Mr. McCullon returned to work on the appointed date, June 23, 2020.

15. At that time, he noticed that his store alarm codes were not working, and that Christian Parra, another General Manager, had been given his job.

16. Ms. Cowen confirmed that VP had terminated Mr. McCullon's employment, effective immediately, the very same day he returned from FMLA leave.

17. Defendant failed to restore Mr. McCullon to the same or equivalent position he enjoyed prior to using protected FMLA leave.

18. VP interfered with, and ultimately retaliated against, Mr. McCullon because he suffered a serious health condition and because he availed himself of some continuous unpaid FMLA leave in order to treat and address same.

19. VP's adverse employment action recounted herein was taken in interference with, and retaliation for, Mr. McCullon disclosing his serious health condition, and utilizing FMLA leave to treat and address same.

20. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

21. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

22. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

23. The timing of Plaintiff's use of protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

24. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of protected FMLA leave.

25. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

26. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

27. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## **COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27, above.

29. At all times relevant hereto, Plaintiff was protected by the FMLA.

30. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

31. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA rights by failing to restore him to the same or an equivalent position upon his return from FMLA leave.

32. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27, above.

35. At all times relevant hereto, Plaintiff was protected by the FMLA.

36. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

37. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for utilizing what should have been FMLA-protected leave.

38. Defendant acted with the intent to retaliate against Plaintiff, due to the extremely close proximity between Plaintiff's use of FMLA leave and his termination.

39. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 17th day of January, 2022.

Respectfully Submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*